UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

**BRUCE GRANT,**

    **Plaintiff,**

v.

**INTERURBAN TRANSIT PARTNERSHIP, a/k/a THE RAPID,**

    **Defendant.**

Case No.: 1:15-cv-321

Hon.
United States District Judge

_____

H. Rhett Pinsky (P18920)
Attorney for Plaintiff
Pinsky, Smith, Fayette & Kenendy, LLP
146 Monroe Center St., NW- Suite 805
Grand Rapids, MI 49503
(616) 451-8496

_____

# COMPLAINT AND JURY DEMAND

_____

Plaintiff Bruce Grant, by his attorneys, Pinsky, Smith, Fayette & Kennedy, LLP, complains against Defendant Interurban Transit Partnership, a/k/a The Rapid as follows:

### NATURE OF ACTION, JURISDICTION AND VENUE

1. This action is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 USC § 2000e, et seq. and Michigan's Elliott-Larsen Civil Rights Act, as amended, MCLA 37.2103, 37.2202 and 37.2701. The court is empowered to grant the requested relief pursuant to 42 USC §2000e - (g).

2. This Court has jurisdiction over Count I pursuant to 42 USC 2000e – 5(f). Count II is founded upon pendent jurisdiction.

## PARTIES

3. Plaintiff is a resident of Kent County, Michigan and the Western District of Michigan.

4. Defendant is a governmental regional authority established pursuant to Public Act 196 of 1986 and doing business in the Western District of Michigan. Defendant is an employer within the meaning of 42 USC §2000e(a)(b)(g)(h) and accordingly, subject to 42 USC §2000e, et seq.

# COUNT I.

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

5. Plaintiff seeks legal and equitable relief regarding deprivation of certain rights secured by Title VII of the Civil Rights Act of 1964, as amended, the same being 42 USC §2000e, et seq.

6. Plaintiff, an African-American, was employed by Defendant on April 9, 2001, initially as a bus operator. On November 22, 2004, he was promoted to the position of Transportation Supervisor, a position he held until his discharge on July 13, 2012.

7. In or about February, 2011, and December, 2011, Plaintiff complained to Defendant's management that his supervisor, Carl Woodson, the Transportation Manager, also an African-American, was discriminating against him on the basis of race in that he was treated differently than white transportation supervisors under the same or similar circumstances. Upon information and belief Plaintiff represents that Defendant did not adequately investigate Plaintiff's complaint.

8. On or about March 29, 2012, his supervisor, Carl Woodson, gave Plaintiff a performance evaluation which in certain respects noted he was not meeting expectations, to which he objected in meetings on April 17 and 21, 2012.

9. Plaintiff on or about May 7, 2012, filed a charge against Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Michigan Department of Civil Rights complaining of race discrimination by his said supervisor. Defendant was notified of the charge within thirty (30) days of its filing with the EEOC and accordingly, knew at the time of Plaintiff's discharge as set forth below that Plaintiff had filed said charge with the EEOC.

10. On June 28, 2012, Plaintiff investigated an incident on one of Defendant's buses, arriving at the scene within five (5) minutes of being notified.

11. On June 29, 2012, Plaintiff submitted a report pursuant to Defendant's required procedures regarding the aforesaid incident.

12. On July 13, 2012, Defendant discharged Plaintiff for submitting what it alleged was an incomplete report. Plaintiff represents that said report was, in fact, complete.

13. Other transportation supervisors who had submitted similar reports were not discharged.

14. Defendant's decision to discharge Plaintiff was in retaliation for his complaining of race discrimination, as aforesaid.

15. As a result of Defendant's employment decision, Plaintiff lost earnings and benefits and suffered mental anguish and emotional distress.

16. Defendant, by said employment decision, has violated 42 USC §2000e – 3 in that it has retaliated against Plaintiff because he filed a complaint of race discrimination with the EEOC and also complained, as aforesaid, internally to Defendant's management.

17. Plaintiff has complied with 42 USC §2000e – 5(b)(c)(d) in that the required charge alleging unlawful retaliation was filed with the EEOC within 300 days after his discharge and within thirty (30) days of any notice of termination of proceedings under state law; i.e., December 31, 2012.

18. On December 26, 2104, Plaintiff received a right to sue letter advising that he was entitled to institute a civil action in an appropriate United States District Court within ninety (90) days of receipt of said letter pursuant to 42 USC §2000e – (5)(f)(3).

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

A. an amount equal to lost earnings and benefits;

B. compensatory damages;

C.  punitive damages;

D.  plaintiff's costs and interest herein and reasonable attorney's fees;

E.  an order requiring Defendant to reinstate Plaintiff in a position comparable to transportation supervisor; and

F.  such other legal and equitable relief as maybe appropriate to effectuate the purpose of said Act.

## COUNT II

### VIOLATION OF MICHIGAN'S ELLIOT-LARSEN CIVIL RIGHTS ACT

19. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiff seeks legal and equitable relief regarding retaliation for filing complaints of discrimination with the EEOC and with Defendant, a protected activity, in violation of Michigan's Elliott-Larsen Civil Rights Act, as amended, MCLA 37.2103, 37.2202, and 37.2701.

21. Defendant, by said employment decision, has violated Michigan's Elliott-Larsen Civil Rights Act, as amended, MCLA 37.2103 and 37.2202 in that it has retaliated against Plaintiff as aforesaid.

22. As a result of the foregoing, Plaintiff lost earnings and benefits and suffered mental anguish, and emotional distress for which Defendant is liable.

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

    A.    compensatory damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars;

    B.    exemplary damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars;

    C.    an award to Plaintiff for lost salary and benefits;

    D.    Plaintiff's costs and interest herein and reasonable attorney's fees;

    E.    an order requiring Defendant to reinstate Plaintiff in a position comparable to transportation supervisor; and

    F.    such other legal equitable relief as may be appropriate.

Dated: March 23, 2015        PINSKY, SMITH, FAYETTE & KENNEDY, LLP
                                            Attorneys for Plaintiff

                                            By /s/ *H. Rhett Pinsky*
                                            H. Rhett Pinsky (P18920)
                                            146 Monroe Center, N.W., Suite 805
                                            Grand Rapids, MI 49503
                                            (616) 451-8496

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial of all issues herein.

Dated: March 23, 2015     PINSKY, SMITH, FAYETTE & KENNEDY, LLP
                          Attorneys for Plaintiff


                          By /s/ *H. Rhett Pinsky*
                              H. Rhett Pinsky (P18920)
                              146 Monroe Center, N.W., Suite 805
                              Grand Rapids, MI 49503
                              (616) 451-8496